# Shores v. Carpenter.

Section 28 of the Act of July 12th, 1842, P. L. 399, requires that every attachment shall be made returnable not less than two nor more than four days from the date thereof, and a writ of attachment under said Act made returnable in seven days deprives the Justice of jurisdiction.

Section 30 of the Act of 1842 provides that where there has not been personal service, the Alderman or Justice shall issue a summons against the defendant, returnable as summonses issued by Justices of the Peace are now by law returnable, viz.: not less than five nor more than eight days and the Justice ousts his jurisdiction when he issues such summonses returnable in two days.

ATTACHMENT—SUMMONSES—JURISDICTION—CERTIORARI.

Act of July 12, 1842, P. L. 399.

No. 389, December Term, 1901; C. P. of Bradford County.

Joseph W. Beaman, Esq., for Defendant.

Opinion of the Court.

FANNING, J.

This was a proceeding under the provisions of the fraudulent debtor's Act of July 12, 1842, P. L. 399, and comes into court on certiorari.

The exceptions filed are three in number as follows:

"1st. That the writ of attachment, purporting to be an at-

tachment against fraudulent debtors, was issued October 23, 1901, returnable October 30, 1901, a period of seven days, when by law the same should have been made returnable not less than two nor more than four days.

"2nd.   That the summons was issued October 30, 1901, returnable November 1, 1901, a period of two days, when it should have been made returnable as summonses issued by Justices of the Peace are now by law returnable.

"3rd.   That by reason of the defective proceedings prior to judgment the Justice had no jurisdiction of the case; that the judgment entered thereon is void; and that the execution issued on said judgment, and all proceedings thereunder, are void and should be set aside."

Section 28 of the Act referred to, reads as follows: "Every attachment shall be made returnable not less than two nor more than four days from the date thereof."   The statutory require- ment was not observed in this case, the attachment having been issued October 23, 1901, a period of seven days.   The constable executing the writ left with Mrs. Burns, where defendant last resided, a true and correct copy of the attachment and inven- tory of the goods seized.   The defendant did not appear and on the return day, October 30, 1901, a summons was issued return- able November 1, 1901, a period of two days.   Section 30 of the Act of 1842 before cited provides that where there has not been personal service "the Alderman or Justice shall issue a sum- mons against the defendant, returnable as summonses issued by Justices of the Peace are now by law returnable."   Sum- monses by law are made returnable not less than five nor more than eight days from their date.   There was not a personal ser- vice and the defendant did not appear.   Neither the attachment or the summons were made returnable as directed by Act of Assembly.   The Justice never had jurisdiction of the defendant and the entire proceedings are therefore invalid.   A reference to authorities seems unnecessary.   Roberts et al. v. Wright, 2 C. C. R. 175; Thompson v. Morasco, 5 D. R. 133, and Brennan

v. Taylor, 1 W. N. C. 484, are, however, in point and sustain the conclusion arrived at.

And now, October 7, 1902, judgment and proceedings before the Justice set aside and reversed.

Reported by Jas. R. Leahy, Esq.,

Towanda, Pa.